The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Clifford Dennis NICHOLAS,
Defendant-Appellant.

No. 83CA0860.

Colorado Court of Appeals,
Div. II.

Dec. 20, 1984.

Rehearing Denied Jan. 24, 1985.

Certiorari Denied May 20, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Bender, Marks & Melonakis, Stanley B. Bender, Denver, for defendant-appellant.

SMITH, Judge.

Defendant, Clifford Dennis Nicholas, appeals from the judgment of conviction and sentence entered upon a finding of guilty in a trial to the court on the charge of fraud by check. Defendant contends that the evidence is insufficient to support the conviction and that the court erred in holding that he was ineligible for probation. We affirm.

## I.

Defendant argues that because there is no proof as to the date the check was presented for collection to the drawee bank, the prosecution could not use the statutory presumption of knowledge contained in § 18–5–205(8)(b), C.R.S. (1984 Cum.Supp.), and therefore, it failed to prove defendant knew he had insufficient funds when he wrote the check. We disagree.

Here, the prosecution's evidence showed, and the court found, that the defendant was the only party authorized to sign checks on the account which was opened three weeks prior to issuance of the check. There was limited activity in the account prior to the date the check was written, and at no time following the date of the check did defendant have an adequate account balance to pay the check. Viewing these facts in the light most favorable to the prosecution, even without the statutory presumption, we conclude the evidence is sufficient to support the guilty verdict. *See People v. Elkhatib*, 632 P.2d 275 (Colo.1981). The fact that defendant at some time after the check was cashed attempted to make restitution, or tried to undo the wrong, is not a defense, nor does such conduct negate, as a matter of law, a finding of the specific intent to defraud. *People v. Taylor*, 655 P.2d 382 (Colo.1982).

## II.

The trial court found that the defendant had two prior felony convictions, thus making him ineligible for probation. *See* § 16–11–201, C.R.S. (1984 Cum.Supp.). Defendant contends that the two convictions relied upon by the prosecution were actually a single proceeding. Defendant argues that the two felonies were not separately brought and tried; therefore, the court erred in finding him ineligible for probation. We disagree.

A prior felony conviction may result from a judgment of conviction following a trial or upon a guilty plea. *See People v. Goodwin*, 197 Colo. 47, 593 P.2d 326 (1979). Unlike the enhanced sentencing provision for habitual criminals, *see* § 16–13–101, C.R.S. (1984 Cum.Supp.), there is no explicit requirement contained in the section for determining eligibility for probation that requires the two felonies to be separately brought and tried. Section 16–11–201(2), C.R.S. (1984 Cum.Supp.).

Here the two convictions were the result of two different criminal episodes occurring on two different dates and were charged as two separate counts. We hold, under these facts, that there have been two prior convictions for the purpose of considering probation eligibility. The fact that defendant pled guilty to both felonies on the same date and both matters involved the same victim does not convert the two separate felonies into a single transaction. *See Gimmy v. People*, 645 P.2d 262 (Colo. 1982).

Judgment and sentence affirmed.

KELLY and STERNBERG, JJ., concur.