**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Michael Warren HARVEY, Defendant–Appellant.**

**No. 90CA759.**

Colorado Court of Appeals, Div. C.

June 6, 1991.

Rehearing Denied July 25, 1991.

Certiorari Denied Nov. 12, 1991.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Wendy J. Ritz, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Baroway, Porter & Thomas, E. Scott Baroway, Englewood, for defendant-appellant.

Opinion by Judge METZGER.

Defendant, Michael Wayne Harvey, appeals the five-year sentence imposed following his guilty plea to felony theft series. Specifically, he appeals the trial court's order finding that he was ineligible for probation. We affirm.

On August 11, 1988, defendant pled guilty to and was sentenced for a felony in

Atlanta, Georgia. Between October and November 1988, the defendant committed the acts upon which his present Colorado conviction for felony theft series is based. However, by the time charges were filed, defendant had left Colorado.

On March 18, 1989, the defendant was arrested in Phoenix, Arizona, and was charged with several felonies there. He was also held in connection with the Colorado charges. He pled guilty to two felonies in Arizona, was sentenced, and thereafter was extradited to Colorado to answer the pending charges here.

After pleading guilty in Colorado to felony theft series, the defendant was found to be ineligible for probation because he had already sustained two prior felony convictions. Accordingly, he was sentenced to 5 years incarceration.

On appeal, defendant argues that since, at the time of the commission of the Colorado offense, he had sustained only one prior felony conviction, he was, as a matter of law, eligible for probation, and the trial court erred in ruling to the contrary. We disagree.

Section 16–11–201(2), C.R.S. (1986 Repl. Vol. 8A) provides in pertinent part:

"A person who has been twice convicted of a felony under the law of this state, any other state, or the United States prior to the conviction on which his application is based shall not be eligible for probation...."

In construing a statute, the primary task of an appellate court is to discern the intent of the General Assembly. Words and phrases must be given effect according to their plain and ordinary meaning, and the statute should be interpreted in such a way as to give sensible effect to all its parts. *People v. District Court,* 713 P.2d 918 (Colo.1986).

A conviction consists of the entry of a plea, a verdict or a finding of guilt, and the sentence imposed thereon. *See* Crim.P. 32.

Here, the language of the statute is clear and unambiguous. It is at the time of conviction that the court must determine whether defendant has been convicted of other felonies, not at the time of the commission of the offense. Defendant had pled guilty to and received sentences for three felonies prior to his Colorado conviction. Consequently, defendant had "been twice convicted of a felony ... prior to the conviction on which his application" for probation was based.

Defendant's reliance on our Supreme Court's interpretation of § 16–13–101, C.R.S. (1986 Repl.Vol. 8A) in *Gimmy v. People,* 645 P.2d 262 (Colo.1982) is misplaced. The statutory language of § 16–13–101 differs significantly from that contained in § 16–11–201. *Gimmy* holds that for purposes of § 16–13–101, which outlines the necessary prerequisites for filing habitual criminal charges against a defendant, the operative time for determination of prior felonies is the date of the commission of the offense. Section 16–11–201, on the other hand, specifically refers to "conviction," as defined in Crim.P. 32, and makes no mention of the date of the offense.

Accordingly, the trial court did not erred in finding that, as a matter of law, the defendant was ineligible for probation.

Sentence affirmed.

RULAND and DUBOFSKY, JJ., concur.