Richard KOUCHERIK, Petitioner–
Appellant,

v.

Aristedes ZAVARAS, Executive Director of the Department of Corrections and Donna Thurlow, Administrator of Time/Release Operations, Department of Corrections, Respondents–Appellees.

No. 96CA0262.

Colorado Court of Appeals,
Div. I.

Nov. 29, 1996.

Rehearing Denied Dec. 27, 1996.

Certiorari Denied Aug. 4, 1997.

Richard Koucherik, Pro Se.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Joseph Haughain, Assistant Attorney General, Denver, for Respondents–Appellees.

Opinion by Judge HUME.

Petitioner, Richard Koucherik, appeals from a declaratory judgment entered in favor of respondents, Aristedes Zavaras, as executive director of the Department of Corrections, and Donna Thurlow, as administrator of Time/Release Operations, Department of Corrections. We affirm.

## I.

Petitioner is an inmate currently serving a 21–year sentence in the Department of Corrections for a conviction of aggravated robbery, a crime of violence as defined in § 16–11–309, C.R.S. (1986 Repl.Vol. 8A). He contends that the respondents have misapplied § 17–22.5–403, C.R.S. (1996 Cum.Supp.) to him and are improperly denying him earned time. We disagree.

It is undisputed that petitioner has two previous convictions for crimes of violence as defined in § 16–11–309. These two prior convictions arose out of a single criminal episode and involved the same victim.

Section 17–22.5–403(2), C.R.S. (1996 Cum. Supp.) provides, in part, that any person convicted of a crime of violence "shall be eligible for parole after such person has served seventy-five percent of the sentence imposed upon such person, less any time authorized for earned time granted pursuant to section 17–22.5–405." However, § 17–22.5–403(3), C.R.S. (1996 Cum.Supp.) provides that a person who "has twice previously been convicted for a crime·which would have been a crime of violence as defined in section 16–11–309, C.R.S." is required to serve seventy-five percent of the sentence, and no earned time is applicable.

Petitioner claims that § 17–22.5–403(2) applies to him because he is only a two-time violent offender under this statute. He argues that § 17–22.5–403(3) is ambiguous, and should be interpreted to apply only to a person convicted of two or more crimes of violence arising out of separate criminal transactions. We are not persuaded.

In interpreting a statute, we give words and phrases used in the statute their plain and ordinary meaning. A statute should be interpreted so as to give consistent, harmonious, and sensible effect to all its parts. Constructions which defeat the obvious legislative intent should be avoided. *People v. District Court*, 713 P.2d 918 (Colo.1986); *People v. Harvey*, 819 P.2d 1087 (Colo.App. 1991).

The rule of lenity requires that any ambiguity in penal statutes be strictly construed in favor of the accused. However, giving statutory words their full meaning in the context in which they are used does not violate the rule of lenity. The rule of strict construction of criminal statutes should not be used to defeat the evident intent of the General Assembly. *Wilczynski v. People*, 891 P.2d 998 (Colo.1995).

In support of his argument, petitioner relies on *Gimmy v. People*, 645 P.2d 262 (Colo. 1982). *Gimmy*, however, concerned conviction and sentencing under an habitual criminal statute and how the sequencing of prior convictions affected that statute. Not only is it irrelevant to the issue before us, the statute at issue in *Gimmy* expressly applied to a person "convicted in this state of any felony, who has been three times previously convicted, upon charges separately brought and tried."

Here, we address a statute that applies to any person "who has twice previously been convicted for a crime which would have been a crime of violence." Section 17–22.5–403(3). There is no qualification that the crimes have been separately tried and convicted. We hold this language to be unambiguous and applicable to petitioner's circumstances.

In *People v. Nicholas*, 700 P.2d 921, 923 (Colo.App.1984), a division of this court came to a similar conclusion in interpreting § 16–11–201(2), C.R.S. (1986 Repl.Vol. 8A), which addresses applications for probation, stating: "Unlike the enhanced sentencing provision for habitual criminals, there is no explicit requirement contained in the section for determining eligibility for probation that requires the two felonies to be separately brought and tried."

Thus, we reject petitioner's argument.

## II.

Petitioner also contends that the application of § 17–22.5–403(3) to his circumstances denies him equal protection of law. Again, we disagree.

■ "Equal protection of the laws guarantees that similarly situated persons will receive like treatment." *People v. Wiedemer*, 852 P.2d 424, 439 (Colo.1993). If a person alleging disparate treatment is not similarly situated, an equal protection challenge to a statute must fail. *People v. Black*, 915 P.2d 1257 (Colo.1996).

■ Petitioner asserts that no other prisoners who, like himself, have been convicted of two different crimes of violence arising from one criminal transaction are being denied earned time credit. However, there is absolutely no evidence or support in the record for this conclusionary assertion. Thus, petitioner has not met his burden to show that he is being treated differently from other persons who are similarly situated.

As a result, petitioner's equal protection argument must fail.

Judgment affirmed.

METZGER and ROY, JJ., concur.