**The PEOPLE of the State of Colorado, Plaintiff–Appellant,**

v.

**Jamie Shane ATENCIO, Defendant– Appellee.**

No. 08CA2086.

Colorado Court of Appeals, Div. VII.

June 11, 2009.

Mitchell R. Morrissey, District Attorney, Robert J. Whitley, Chief Appellate Deputy District Attorney, Denver, Colorado, for Plaintiff–Appellant.

No Appearance for Defendant–Appellant.

Opinion by Judge J. JONES.

The People appeal the district court's order granting Jamie Shane Atencio's petition for discontinuation of the requirement that he register as a sex offender and for his removal from the sex offender registry pursuant to section 16–22–113, C.R.S.2008. We conclude that because Mr. Atencio has more than one conviction for unlawful sexual behavior, he was ineligible for such relief by virtue of subsection 16–22–113(3)(c). Therefore, we vacate the district court's order and remand for the entry of an order denying Mr. Atencio's petition.

## I. Background

In 1992, the People charged Mr. Atencio with four counts of sexual assault on a child, including one as part of a pattern of sexual abuse. *See* § 18–3–405(1), (2)(d), C.R.S.2008. The charges named three different victims, and alleged that Mr. Atencio committed the offenses over three different periods, two of which overlapped: (1) July 24, 1992 to July 28, 1992 as to victim A.M.V.; (2) July 4, 1992 to August 7, 1992 as to victim A.V.; and (3) August 1987 to August 1988 as to victim S.R.

Mr. Atencio ultimately pleaded guilty to two amended counts of attempt to commit sexual assault on a child, a class 5 felony, in violation of section 18–2–101, C.R.S.2008, and section 18–3–405. The first count named A.M.V. as the victim. The second count named A.V. as the victim. The court sentenced Mr. Atencio to three years probation on each count.

Mr. Atencio completed his probationary sentence in 1996. In 2008, he filed the petition at issue here pursuant to section 16–22–113, which provides that a person required to register as a sex offender or whose information is required to be posted on the Internet may petition for discontinuation of those requirements. § 16–22–113(1). He asserted that he should be permitted to discontinue the statutorily required registration as a sex offender and that his name should be removed from the sex offender registry because he had successfully completed his sentence and he had not been convicted of any other offense since he had completed his sentence more than ten years earlier. *See* § 16–22–113(1)(b) (providing, as relevant here, that a person convicted of a sex offense that is a class 5 felony may file such a petition after a period of ten years since completion of the sentence if that person has not been convicted of unlawful sexual behavior or any other offense involving unlawful sexual behavior during that period).

The People opposed Mr. Atencio's petition, arguing that because he had been convicted of two counts of unlawful sexual behavior, he is ineligible for the relief he requested by virtue of subsection 16–22–113(3)(c). That subsection provides that a person is not eligible for relief under section 16–22–113(1) if that person "has more than one conviction or adjudication for unlawful sexual behavior in this state or any other jurisdiction."

Mr. Atencio responded that he did not have more than one such conviction because he pleaded guilty to the two counts identified above in the same case.

The district court agreed with Mr. Atencio. Though the court expressed uncertainty as to the state of the law on this question, it concluded that case law construing a habitual criminal statute, § 18–1.3–801, C.R.S.2008, was applicable by way of analogy. That case law holds that there are not multiple convictions unless the convictions occur in separate cases. *E.g., Gimmy v. People,* 645 P.2d 262 (Colo.1982). Accordingly, the court ruled that subsection 16–22–113(3)(c) is inapplicable to Mr. Atencio and granted him the relief he requested.

## II. Interpretation of Subsection 16–22–113(3)(c)

■ The issue the People present in this appeal is straightforward: where a person has been adjudicated guilty of more than one charge of unlawful sexual behavior, must those charges have been adjudicated in separate cases to qualify as "more than one conviction" under subsection 16–22–113(3)(c)? We answer this question "no." So long as a person has been convicted of more than one charge of unlawful sexual behavior, whether those charges were adjudicated in the same case or in separate cases is irrelevant: the adjudications are multiple convictions which render the person ineligible for relief under subsection 16–22–113(1).

The question before us is one of statutory construction. Therefore, we review the district court's decision de novo. *Bostelman v. People,* 162 P.3d 686, 689 (Colo.2007); *People v. Scheffer,* —— P.3d ——, —— (Colo.App. No. 06CA0780, Apr. 2, 2009).

■ In interpreting a statute, our fundamental responsibility is to give effect to the General Assembly's purpose and intent in enacting it. *Whitaker v. People,* 48 P.3d 555, 558 (Colo.2002); *Scheffer,* —— P.3d at ——. " 'If the plain language of the statute clearly

expresses the legislative intent, then [we] must give effect to the ordinary meaning of the statutory language.' " *Whitaker,* 48 P.3d at 558 (quoting *Pediatric Neurosurgery, P.C. v. Russell,* 44 P.3d 1063, 1068 (Colo.2002)). "We must read the statute as a whole, construing each provision consistently and in harmony with the overall statutory design, if possible." *Id.; accord Scheffer,* —— P.3d at ——.

The meaning of the term "conviction" may vary depending on the language and context of the statute in which it is used. *People v. Hampton,* 876 P.2d 1236, 1239 (Colo.1994); *People v. Jacquez,* 196 Colo. 569, 571 & n. 2, 588 P.2d 871, 873 & n. 2 (1979). That term is defined for purposes of section 16–22–113 in subsection 16–22–102(3), C.R.S.2008, as follows: " 'Convicted' or 'conviction' means having received a verdict of guilty by a judge or jury, having pleaded guilty or nolo contendere, having received a disposition as juvenile, having been adjudicated a juvenile delinquent, or having received a deferred judgment and sentence or a deferred adjudication."

Mr. Atencio pleaded guilty to two charges of unlawful sexual behavior.[1] Under the plain language of subsection 16–22–102(3), therefore, he has two convictions for unlawful sexual behavior. The relevant statutory provisions do not contain any qualifying language requiring, even by implication, that to qualify as more than one conviction the convictions must have occurred in separate cases, and we will not read any such limitation into the statute. *See People v. Sorrendino,* 37 P.3d 501, 504 (Colo.App.2001) ("[A] court should not read into a statute an exception, limitation, or qualifier that its plain language does not suggest, warrant, or mandate."); *People v. Easter,* 914 P.2d 493, 495 (Colo.App.1995); *People v. Jones,* 701 P.2d 868, 869 (Colo.App.1984); *cf. Deal v. United States,* 508 U.S. 129, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993) (term "conviction" in statute increasing sentence for offense which is a "second or subsequent conviction" means

each finding of guilt; such findings need not be made in separate proceedings).

On two previous occasions, divisions of this court have construed substantially similar language in other statutes as not requiring that convictions be obtained in separate cases to qualify as multiple convictions. In *People v. Nicholas,* 700 P.2d 921 (Colo.App.1984), the division construed former section 16–11–201(2) (now codified as amended at section 18–1.3–201(2)(a), C.R.S.2008). That statute provided that a person who "has been twice convicted of a felony" was not eligible for probation. The division rejected the defendant's contention that because his two prior felony convictions occurred in a single proceeding he had not twice been convicted of a felony, because the statute contained no express requirement that felonies be brought and tried in separate proceedings to qualify as multiple felonies. *Id.* at 922–23.

In *Koucherik v. Zavaras,* 940 P.2d 1063 (Colo.App.1996), the division rejected a similar contention by a defendant who claimed to be eligible for parole under section 17–22.5–403, C.R.S.2008, by virtue of earned time credit. The provision at issue there states that a person who "has twice previously been convicted" of a crime of violence is required to serve seventy-five percent of the sentence. § 17–22.5–403(3).

In both *Nicholas* and *Koucherik,* the divisions distinguished *Gimmy,* a case which involved a predecessor of the habitual criminal statute pertaining to multiple felony convictions, section 18–1.3–801. The statutory provision at issue in *Gimmy* imposed habitual criminal penalties on a person "who has been three times previously convicted, *upon charges separately brought and tried ...*" *Gimmy,* 645 P.2d at 265 (quoting former § 16–13–101(2), C.R.S.1973, now codified as amended at § 18–1.3–801(2), C.R.S.2008) (emphasis added).

As in both *Nicholas* and *Koucherik,* the statute at issue here does not contain limiting language like that in the statute at issue in *Gimmy.* We observe that the General As-

---

1. Mr. Atencio has not disputed that his guilty pleas were to charges of "unlawful sexual behavior," as that term is used in subsection 16–22–113(3)(c). The charges plainly meet the definition of that term. *See* § 16–22–102(9)(d), C.R.S. 2008 (defining "unlawful sexual behavior" as including attempt to commit sexual assault on a child).

sembly has included such limiting language in other statutes. *E.g.,* §§ 16–4–101(1)(b)(III), 18–1.3–804(1), C.R.S.2008; *cf.* § 42–2–202(2)(a), C.R.S.2008 (defining a habitual offender of the motor vehicle laws as "a person having three or more convictions of [certain] offenses arising out of separate acts committed within a period of seven years"). In many other contexts, however, the General Assembly has imposed consequences for multiple offenses without including such limiting language. *E.g.,* §§ 16–22–103(2)(d)(II)(A), 18–1.3–804(2), 18–5–110.5(2)(a)(II)(A), 18–12–202(3)(b)(II), 19–2–517(3)(a)(II)(C), 19–2–518(1)(d)(II)(C), C.R.S. 2008. It is therefore clear that the General Assembly has consciously determined wheth-

er to limit the use of multiple convictions in particular contexts. We will not engraft such a limitation onto section 16–22–113(3)(c).

The district court's order is vacated. The case is remanded to the district court for entry of an order denying Mr. Atencio's petition.

Judge RUSSEL and Judge CONNELLY concur.