24CA1568 Peo v Siegel 02-19-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1568
El Paso County District Court No. 02CR1938
Honorable Marcus S. Henson, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Steven Tod Siegel,

Defendant-Appellant.

ORDER AFFIRMED

Division I
Opinion by JUDGE LUM
J. Jones and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 19, 2026

Philip J. Weiser, Attorney General, John T. Lee, First Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Taft Stettinius & Hollister LLP, Richard Bednarski, Colorado Springs, Colorado, for Defendant-Appellant

¶ 1    Steven Tod Siegel appeals the district court's order denying his petition to discontinue sex offender registration and for his removal from the sex offender registry pursuant to section 16-22-113, C.R.S. 2025.  We affirm.

## I.    Background

¶ 2    In 2001, Siegel began electronically communicating with an undercover detective who posed as an individual able to facilitate adults' sexual fantasies with children.  The detective coordinated with Siegel to meet underage girls in exchange for payment and arranged a meet-up at a hotel in Colorado Springs.  Siegel arrived at the specified hotel one evening and confirmed his identity with the undercover detective.  The detective then arrested him, searched his car, and found a video camera, condoms, and a sex toy.  Siegel was initially charged with three crimes: soliciting for child prostitution, criminal attempt to commit sexual exploitation of a child, and criminal attempt to commit sexual assault on a child.

¶ 3    Siegel pleaded guilty to criminal attempt to commit sexual exploitation of a child and to an added count of sexual exploitation of a child (possession of sexually exploitative material) in exchange for dismissal of the remaining charges.  The district court sentenced

1

Siegel to ten years to life on sex offender intensive supervision probation, which required that he complete sex offender treatment. The district court register of actions also reflects a note that Siegel was required to "register as [a] sex offender for 10 yrs after prob[ation]."

¶ 4 Siegel successfully completed his probationary term in 2014 and registered as a sex offender for ten years thereafter. In 2024, he filed a petition to discontinue sex offender registration with the district court, arguing that he had completed his ten-year registration term. After a hearing, the district court denied Siegel's petition, reasoning that, under section 16-22-113(3)(c), Siegel's two convictions rendered him ineligible for deregistration.

¶ 5 Siegel appeals. First, he argues that section 16-22-113(3)(c) is intended for "habitual abusers" and not for offenders whose convictions arise from a single offense. Second, Siegel contends that the district court erred by concluding that he doesn't qualify for the statutory exception offered in section 18-6-403(5.7), C.R.S. 2025, as an alternative avenue for deregistration. Third, Siegel argues that even if the statutes preclude deregistration, he is entitled to deregister from the sex offender registry because the

2

sentencing court advised him that he would be eligible to deregister ten years after his successful termination from probation, which was material to his plea bargain. We address each argument in turn.

## II. Standard of Review

¶ 6     We review a district court's statutory interpretation de novo. *People v. Roddy*, 2021 CO 74, ¶ 17. In construing a statute, we aim to give effect to the legislative intent. *Id.* To discern intent, we look first to the plain language of the statute and give "its words and phrases their plain and ordinary meaning." *People v. Weeks*, 2021 CO 75, ¶ 25 (quoting *McCulley v. People*, 2020 CO 40, ¶ 10). We must construe a statute "as a whole" with an eye toward "giving consistent, harmonious, and sensible effect to all of its parts" while avoiding "constructions that would render any words or phrases superfluous or lead to illogical or absurd results." *McCoy v. People*, 2019 CO 44, ¶ 38.

¶ 7     When the language of a statute is clear and unambiguous, we give effect to the plain and ordinary meaning "and look no further." *Cowen v. People*, 2018 CO 96, ¶ 12.

### III. Applicable Law

¶ 8    Sex offenders in Colorado are required to register as such pursuant to the Colorado Sex Offender Registration Act (CSORA). § 16-22-103, C.R.S. 2025.  A person who is required to register may petition the court to discontinue registration under certain circumstances.  § 16-22-113.  However, section 16-22-113(3)(c) states in relevant part that "[a]ny adult who has more than one conviction as an adult for unlawful sexual behavior or any other offense, the underlying factual basis of which is unlawful sexual behavior," is not eligible to petition for deregistration.

¶ 9    Section 18-6-403(5.7) provides an exception to this ineligibility: An "adult who has more than one conviction" for sexual exploitation of a child (accessing, viewing, possessing, or controlling sexually exploitative material) "in a single criminal case is eligible to petition for removal from the registry pursuant to section 16-22-113."  *See* § 16-22-113(3)(c); § 18-6-403(3)(b.5), (5.7).

¶ 10    A division of this court interpreted the deregistration eligibility criteria in *People v. Atencio*, 219 P.3d 1080 (Colo. App. 2009).  In *Atencio*, the defendant pleaded guilty to two counts of attempt to commit sexual assault on a child with each count naming a

separate victim. *Id.* at 1081. Upon completing his probationary sentence, the defendant petitioned the court to discontinue his statutorily required sex offender registration. *Id.* The People opposed the petition, arguing that he was ineligible under section 16-22-113 because he had been convicted of two counts of unlawful sexual behavior. *Id.* The defendant argued that because he pleaded guilty to two counts in the same case, section 16-22-113(3)(c) was inapplicable to him. *Id.* The division disagreed and concluded that a person who is convicted of more than one charge of unlawful sexual behavior is ineligible for deregistration under section 16-22-113, regardless of whether the convictions occurred in the same case or in separate cases. *Id.*

IV.  Section 16-22-113(3)(c) Ineligibility

¶ 11    Siegel first argues that the ineligibility criteria in section 16-22-113(3)(c) don't apply to individuals whose multiple convictions (1) arise out of the same criminal act and (2) don't involve multiple victims. For this reason, he also argues that the district court erred by relying on *Atencio* to conclude that he is ineligible for deregistration because that case involved multiple victims, whereas his case doesn't. We are unpersuaded.

5

¶ 12    The term "conviction" may vary in meaning depending on the language and context of the statute. *Atencio*, 219 P.3d at 1082; *People v. Hampton*, 876 P.2d 1236, 1239 (Colo. 1994). For purposes of CSORA, a "conviction" means "having received a verdict of guilty" or "having pleaded guilty or nolo contendere." § 16-22-102(3), C.R.S. 2025.

¶ 13    Siegel pleaded guilty to two charges: criminal attempt to commit sexual exploitation of a child and sexual exploitation of a child (possession of sexually exploitative material). Under the plain language of the statute, Siegel has more than one "conviction" and is therefore ineligible for deregistration.[1] Siegel's argument that ineligibility doesn't apply to individuals who are not "habitual abusers" (i.e., individuals whose convictions arise from a single offense and don't involve multiple victims) requires us to read words into the statute, which we can't do. *See People v. Shores*, 2016 COA 129, ¶ 17 (We cannot "read into a statute an exception, limitation, or qualifier that its plain language does not suggest, warrant, or

---

[1] Siegel does not dispute that his convictions are for "unlawful sexual behavior" or "any other offense, the underlying factual basis of which is unlawful sexual behavior" as those terms are used in section 16-22-113(3)(c), C.R.S. 2025.

mandate." (quoting *People v. Sorrendino*, 37 P.3d 501, 504 (Colo. App. 2001))).

¶ 14    Furthermore, the *Atencio* division's holding wasn't premised on the fact that the convictions involved separate victims. Rather, it was based solely on the statutory definition of "conviction" and the lack of any statutory language requiring that the convictions occur in separate cases. *Atencio*, 219 P.3d at 1082-83.

¶ 15    For these reasons, the district court didn't err in interpreting section 16-22-113(3)(c) or by relying on *Atencio* to rule that Siegel is ineligible for deregistration.

V.    Section 18-6-403(5.7) Exception to Ineligibility

¶ 16    Siegel next contends that the district court erred by concluding that he isn't eligible to deregister under the statutory exception to ineligibility in section 18-6-403(5.7). We again disagree.

¶ 17    By its plain language, the exception in section 18-6-403(5.7) applies only to individuals who have more than one conviction for sexual exploitation of a child relating to accessing, viewing, possessing, or controlling sexually exploitative material. § 18-6-403(3)(b.5), (5.7). While Siegel has one conviction that fits

7

this exception, his second conviction (criminal attempt to commit sexual exploitation of a child) doesn't qualify. Thus, the district court didn't err by concluding that the exception doesn't apply to Siegel.

## VI. The Sentencing Court's Advisement

¶ 18 Siegel's last contention is that he is entitled to deregister because the sentencing court advised him that he would be eligible to petition for deregistration ten years after termination from probation, and the ability to deregister was material to his agreement to plead guilty.

¶ 19 The sentencing court included the following language in the minute order entered on September 30, 2002: "AFTER 10 YRS DEFT MAY PETITION COURT UPON SUCCESSFUL COMPLETION OFFENSE SPECIFIC TREATMENT AND PROVIDER STATES HE IS NO LONGER THREAT TO THE COMMUNITY; MUST REGISTER AS SEX OFFENDER FOR 10 YRS AFTER PROB." The record doesn't contain the sentencing transcript or the plea agreement.

¶ 20 Based on this limited record, it's unclear whether the minute order reflects the court's statements to Siegel before his plea or afterward (or indeed whether the court said anything at all to Siegel

regarding his sex offender registration obligation), nor is it clear whether the statement induced Siegel's plea. But even if we assume (without deciding) that the sentencing court misadvised Siegel regarding his sex offender registration requirements, we discern no error by the district court on the issue before us. Given the statutory language described above, the court lacked discretion to grant Siegel's petition to deregister.

## VII. Disposition

The district court's order is affirmed.

JUDGE J. JONES and JUDGE MEIRINK concur.