The PEOPLE of the State of Colorado, Petitioner–Appellee,

In the Interest of C.B.B., Juvenile–Appellant.

No. 02CA0610.

Colorado Court of Appeals, Div. V.

May 8, 2003.

Certiorari Denied Sept. 8, 2003.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.

United States Supreme Court's recent pronouncement in *Connecticut Department of Public Safety v. Doe,* 538 U.S. ——, 123 S.Ct. 1160, 155 L.Ed.2d 98 (2003), we conclude his procedural due process rights were not violated, and we affirm.

## I.

In January 2002, C.B.B. pleaded guilty to acts that if committed by an adult would be sexual assault on a child, a class four felony under § 18–3–405(1), C.R.S.2002. He received a one-year deferred adjudication and was required to register as a sex offender pursuant to the former § 18–3–412.5(1)(b)(IV) and (8) of the Colorado Sex Offender Registration Act (the Act).

In March 2002, he filed the motion at issue here requesting that the trial court set aside his duty to register and also prohibit disclosure to the public of his registration information. Relying upon both the United States and Colorado Constitutions, C.B.B. contended his procedural due process rights were violated because he was not afforded the opportunity to show he is not a current risk to the community. The court denied the motion.

The version of the Act in effect at the time of C.B.B.'s adjudication, Colo. Sess. Laws 2001, ch. 199, § 18–3–412.5 at 656, has been repealed and reenacted and is now codified as § 16–22–101, et seq., C.R.S.2002. However, because C.B.B. is challenging the earlier statute, we refer to the section number then in effect.

Ken Salazar, Attorney General, Matthew S. Holman, Assistant Attorney General, Denver, Colorado, for Petitioner–Appellee.

Prendergast and Associates, Paul A. Prendergast, Thomas L. Hagerman, Littleton, Colorado, for Juvenile–Appellant.

Opinion by Judge ROTHENBERG.

C.B.B., a juvenile, appeals the trial court's order denying his motion to set aside his duty to register as a sex offender under the Colorado Sex Offender Registration Act, which is Colorado's version of Megan's Law. He also appeals the order denying his request to prohibit public disclosure of his registration information. The sole issue on appeal is whether C.B.B.'s right to procedural due process was violated because he was denied the opportunity to show he is not currently dangerous before being required to register as a sex offender. Based upon the

## II.

C.B.B. maintains that the Act denies procedural due process to him, and to all similarly situated sex offenders, because it does not provide a hearing to determine whether an offender is currently dangerous. We disagree.

Colorado's version of Megan's Law was enacted in response to the dangers posed by sex offenders and was intended to help communities protect themselves by giving the public limited access to information about sex

offenders. *See People v. Montaine*, 7 P.3d 1065 (Colo.App.1999).

The Act applies to all persons convicted of an offense involving unlawful sexual behavior, and it requires those offenders to register with local law enforcement authorities upon their release into the community. Section 18–3–412.5(1)(a)–(b). Offenders must provide personal information, including their names, addresses, places of employment, and any aliases or legal names used. Section 18–3–412.5(5)(a)–(b). They must reregister annually, § 18–3–412.5(3)(a)(I), and any time they change addresses or names. Section 18–3–412.5(3)(c)(I)–(II). As relevant here, the failure to comply with these requirements is a class six felony. Section 18–3–412.5(4)(b)(I).

The Act requires local law enforcement agencies to submit this information to the Colorado Bureau of Investigation, which maintains a registry of all convicted offenders. Section 18–3–412.5(6)(a). Persons residing within the law enforcement agency's jurisdiction may obtain from the agency information concerning convicted sex offenders living in their community. Section 18–3–412.5(6.5)(b).

Disclosure of registration information is governed by § 18–3–412.5(6.5)(e), which provides in pertinent part:

Any information released pursuant to paragraph (b) or (c) of this subsection (6.5) shall include in writing the following statement:

The state sex offender registry includes only those persons who have been convicted of certain acts of unlawful sexual behavior since July 1, 1991, and who are in compliance with the sex offender registration laws. Persons should not rely solely on the sex offender registry as a safeguard against perpetrators of sexual assault in their communities. *The crime for which a person is convicted may not accurately reflect the level of risk.*

(Emphasis added.)

In *Connecticut Dep't of Public Safety v. Doe, supra*, the Supreme Court held that procedural due process did not entitle a convicted sex offender to a hearing before requiring him to register under the Connecticut version of Megan's Law. The Court found it unnecessary to determine whether registration deprived offenders of a liberty interest "because even assuming, *arguendo*, that [an offender] has been deprived of a liberty interest, due process does not entitle him to a hearing to establish a fact that is not material under the Connecticut statute." *Connecticut Dep't of Public Safety v. Doe, supra*, 538 U.S. at ——, 123 S.Ct. at 1164, 155 L.Ed.2d at ——. The Court explained that "[persons] who assert a right to a hearing under the Due Process Clause must show that the facts they seek to establish in that hearing are relevant under the statutory scheme." *Connecticut Dep't of Public Safety v. Doe, supra*, 538 U.S. at ——, 123 S.Ct. at 1165, 155 L.Ed.2d at ——.

The Court stated:

In [earlier] cases ... we held that due process required the government to accord the plaintiff a hearing to prove or disprove a particular fact or set of facts. But in each of these cases, the fact in question was concededly relevant to the inquiry at hand. Here, however, the fact that [the offender] seeks to prove—that he is not currently dangerous—is of no consequence under Connecticut's Megan's Law.... [T]he law's requirements turn on an offender's conviction alone—a fact that a convicted offender has already had a procedurally safeguarded opportunity to contest. No other fact is relevant to the disclosure of registrants' information. Indeed, the disclaimer on the [Connecticut Department of Public Safety] Website explicitly states that respondent's alleged nondangerousness simply does not matter.

[E]ven if respondent could prove that he is not likely to be currently dangerous, Connecticut has decided that the registry information of *all* sex offenders—currently dangerous or not—must be publicly disclosed. Unless [the offender] can show that that *substantive* rule of law is defective (by conflicting with a provision of the Constitution), any hearing on current dangerousness is a bootless exercise.

*Connecticut Dep't of Public Safety v. Doe, supra,* 538 U.S. at ——, 123 S.Ct. at 1164, 155 L.Ed.2d at —— (citations omitted).

Here, as in *Connecticut Dep't of Public Safety v. Doe, supra,* C.B.B.'s current level of dangerousness is immaterial under the Act because his duty to register was triggered solely by his conviction. In fact, the accompanying information released to the public under the Act states that inclusion on the registry is based on conviction of a sex offense and that the crime for which a registrant was convicted may *not* reflect the current level of risk. *See People v. Montaine, supra* (duty to register under the Act flows directly from defendant's conviction as a sex offender).

Accordingly, we conclude C.B.B. has no procedural due process right to a hearing to prove a fact immaterial to the state's statutory scheme before being required to register as a sex offender under the Act.

We realize a state may enlarge the federal concepts of due process under its own constitutional provisions. *See People ex rel. Juhan v. District Court,* 165 Colo. 253, 439 P.2d 741 (1968); *People v. Ramirez,* 997 P.2d 1200 (Colo.App.1999), *aff'd,* 43 P.3d 611 (Colo. 2001). Given our conclusion here, however, we perceive no basis for affording C.B.B. more relief under Colo. Const. art. II, § 25 than he has under the Due Process Clause of the United States Constitution.

### III.

Because C.B.B. does not contend the Act violates principles of substantive due process, *see Connecticut Dep't of Public Safety v. Doe, supra,* we need not address his contentions that: (1) public disclosure of his registration information before a hearing on current dangerousness violates his protected liberty interest in reputation; (2) the Act alters his legal status by requiring him to register and keep his registration information current; (3) it alters his legal status by depriving him of a legal right to damages if false information is released to the public; and (4) it violates his property interest in employment, his right to privacy in his registration information, and his interest in family integrity.

We also do not address the applicability of § 16–22–113(1)(d), C.R.S.2002, which may provide C.B.B. with an opportunity to petition for removal from the registry after he has successfully completed the term of his deferred adjudication and his case has been dismissed.

Order affirmed.

Judge TAUBMAN and Judge WEBB concur.