Matt DUBOIS, Plaintiff–Appellant,

v.

Larry R. ABRAHAMSON, in his official capacity as District Attorney for the 8th Judicial District, Defendant–Appellee.

No. 08CA0817.

Colorado Court of Appeals, Div. I.

June 25, 2009.

The Hall Law Office, LLC, Andrea M. Hall, Fort Collins, Colorado, for Plaintiff–Appellant.

Larry R. Abrahamson, District Attorney, Jennifer L. Bahnson, Deputy District Attorney, Fort Collins, Colorado, for Defendant–Appellee.

Opinion by Judge LICHTENSTEIN.

In this declaratory judgment action, plaintiff, Matt A. Dubois, appeals the district court's decision that Dubois must register as a sex offender pursuant to section 16–22–103(1)(a), C.R.S.2008. We affirm the district court's judgment.

## I. Background

On October 24, 1991, pursuant to a stipulation for a two-year deferred judgment and sentence, Dubois pleaded guilty to a single count of sexual assault on a child, section 18–3–405, C.R.S.2008. The parties agree that Dubois successfully completed the terms and conditions of the deferred judgment and sen-tence, and the court released him from probation.

On June 17, 1998, Dubois pleaded guilty to theft, a class four felony, and was sentenced to six years of probation. The court later terminated his probation and sentenced him to four years in the Department of Corrections. Dubois was paroled on December 9, 2004.

As terms and conditions of his parole, the Department of Corrections required Dubois to register as a sex offender. Since his discharge from parole on March 23, 2007, Dubois has continued to register as a sex offender. Authorities informed Dubois that if he discontinues his registration, he will be prosecuted for failure to register.

Dubois then filed a motion for judgment declaring that section 16–22–103(1)(a) does not require him to register as a sex offender. The court denied his motion without a hearing. This appeal followed.

## II. Standard of Review

Statutory interpretation is a question of law we review de novo. *People v. Rice,* 198 P.3d 1241, 1244 (Colo.App.2008). Our primary purpose in construing a statute is to ascertain and give effect to the intent of the General Assembly. *Id.* When construing a statute, we look first to the language of the statute itself, giving words and phrases their plain and ordinary meaning. *Id.* However, the General Assembly may furnish its own definitions of words to guide and direct judicial determination of the intended purpose of the legislation, although such definitions may differ from ordinary usage. *People v. Swain,* 959 P.2d 426, 429–30 (Colo.1998).

## III. Discussion

### A. Registration Requirement

On appeal, Dubois expressly states he is not asserting an ex post facto argument regarding the application of the Colorado Sex Offender Registration Act (Act). §§ 16–22–101 to –115, C.R.S.2008. Rather, he contends that the General Assembly intended to exclude from sex offender registration any person who successfully completes the terms

of his or her deferred sentencing agreement. We disagree.

■ The Act requires all persons who commit an offense involving unlawful sexual behavior to register with local law enforcement authorities. § 16–22–103. In enacting this legislation, the General Assembly sought to help communities protect themselves from the dangers posed by sex offenders by giving the public limited access to information about sex offenders. *People in Interest of C.B.B.,* 75 P.3d 1148, 1149 (Colo.App.2003).

Section 16–22–103(1)(a) of the Act provides that, effective July 1, 1998, "[a]ny person who was convicted on or after July 1, 1991, in the state of Colorado, of an unlawful sexual offense, as defined in section 18–3–411(1), C.R.S. [2008]" shall be required to register as a sex offender.

Section 16–22–102(3) of the Act defines "convicted," in part, as "having received a deferred judgment and sentence."

Dubois argues that a person who receives a deferred judgment and sentence is considered "convicted" only if he or she has not successfully completed the terms of his or her deferred sentencing agreement. Dubois, in effect, seeks to overcome the plain language of the statute in favor of what he considers to be the legislative intent.

Dubois asks us to read additional terms into the plain language of the statute to exclude persons who, although they received a deferred judgment and sentence, successfully completed the terms prescribed by the court. We decline to do so for several reasons.

■ First, where the legislature could have restricted the application of a statute, but chose not to, we will not read additional restrictions into the statute. *Springer v. City & County of Denver,* 13 P.3d 794, 804 (Colo.2000); *People v. Atencio,* —— P.3d ——, ——, 2009 WL 1622780 (Colo.App. No. 08CA2086, June 11, 2009) (court will not read into a statute a limitation that its plain language does not suggest); *see also Mason v. People,* 932 P.2d 1377, 1380 (Colo.1997) (courts presume that if General Assembly intended the statute to achieve a particular result, it would have employed terminology

clearly expressing that intent). The General Assembly could have drafted section 16–22–102(3) to define "convicted" as "having received, and failed to successfully complete, a deferred judgment and sentence." Because the General Assembly could have included this limitation in the statute, but did not, we will not read these terms into section 16–22–102(3).

■ Second, we may not read additional terms into, or modify, the plain language of a statute, particularly when, as here, the General Assembly has defined a term within the statute in contradiction of the additional terms sought. *Nat'l Farmers Union Prop. & Cas. Co. v. Estate of Mosher,* 22 P.3d 531, 534 (Colo.App.2000). Here, the General Assembly defined "convicted," for purposes of the Act, to include "having received a deferred judgment and sentence." Therefore, we must apply that definition, and we may not modify its meaning. *Swain,* 959 P.2d at 429–30.

■ Third, our plain reading of the phrase "having received a deferred judgment and sentence" is consistent with its use elsewhere within the Act. For example, section 16–22–113 provides that after a defendant successfully completes the terms of a deferred judgment and sentence for an offense involving unlawful sexual behavior, the defendant may petition the court for an order that discontinues the requirement for registration. If the General Assembly intended to exclude from registration persons who successfully completed a deferred judgment and sentence, the language in section 16–22–113 allowing a defendant to request an order discontinuing the registration requirement following successful completion of a deferred judgment and sentence would be meaningless. When construing a statute, we reject constructions that would render words or phrases meaningless or superfluous. *People v. Cross,* 127 P.3d 71, 73 (Colo.2006); *Mayo v. People,* 181 P.3d 1207, 1210 (Colo.App.2008). Accordingly, we decline to construe the phrase "having received a deferred judgment and sentence" to exclude persons who have successfully completed a deferred judgment and sentence.

In this case, Dubois pleaded guilty to sexual assault on a child under section 18–3–405, as part of a plea disposition that included a two-year deferred judgment and sentence. Dubois' offense is one that requires registration under the Act. *See* § 16–22–103(1)(a) (requiring persons who commit offense listed in § 18–3–411(1) to register as a sex offender); § 18–3–411(1) (defining "unlawful sexual offense" to include "sexual assault on a child, as described in section 18–3–405"). Because Dubois received a deferred judgment and sentence for an offense for which the Act requires a defendant to register, we conclude that Dubois is required to register as a sex offender pursuant to section 16–22–103.

### B. Procedural Due Process

Dubois contends for the first time on appeal that his rights to procedural due process under the United States Constitution were violated because he did not receive either notice or a hearing before he was required to register as a sex offender.

■ Because this is a civil case and Dubois did not present his procedural due process concerns to the trial court, we decline to address them here. *See Estate of Stevenson v. Hollywood Bar & Cafe, Inc.*, 832 P.2d 718, 721 n. 5 (Colo.1992) (arguments not presented to, considered by, or ruled on by the trial court may not be raised for the first time on appeal).

We do not address the applicability of section 16–22–113(1)(d), which may provide Dubois with an opportunity to petition for removal from the registry.

Accordingly, the judgment of the district court is affirmed.

Judge TAUBMAN and Judge ROMÁN concur.