v.

**The PEOPLE of the State of Colorado, Respondent–Appellant.**

**No. 09CA0710.**

Colorado Court of Appeals, Div. IV.

Feb. 4, 2010.

Rehearing Denied March 25, 2010.*

* Webb, J., would grant.

Philip A. Cherner, Denver, Colorado, for Petitioner–Appellee.

Donald Quick, District Attorney, Russel Wentworth, Deputy District Attorney, Brighton, Colorado, for Respondent–Appellant.

Opinion by Judge CONNELLY.

Colorado has a procedure whereby (with the agreement of a prosecutor) a criminal defendant may plead guilty and receive a deferred judgment. A defendant who complies with the stipulated terms may later withdraw the plea and have the case dismissed.

The issue here is whether courts may seal records of dismissed cases involving alleged sex offenders who received deferred judgments. We hold such sealing is precluded by section 24–72–308(3)(c), C.R.S.2009. Accordingly, we reverse an order sealing the records of a criminal case involving petitioner, M.T.

## I. Background

In 2004, M.T. pled guilty to the class five felony of attempted sexual assault on a child. Judgment was deferred.

In 2008, the district court determined that M.T. had complied with the terms of the deferred judgment. M.T. was allowed to withdraw the plea, and the criminal case was dismissed.

M.T. then filed this civil action seeking to seal the criminal case records. He invoked a statute allowing a person who was "not charged," was "acquitted," or (as here) had a case "completely dismissed" to petition for sealing. § 24–72–308(1)(a)(I), C.R.S.2009.

The People argued that section 24–72–308(3)(c) precluded sealing. That section provides an exception to the sealing statute for "records pertaining to a conviction of an offense for which the factual basis involved unlawful sexual behavior, as defined in section 16–22–102(9), C.R.S. [2009]."

The district court granted M.T.'s petition to seal the criminal case records. The offense charged in that criminal case indisputably had involved unlawful sexual behavior. The court concluded, however, that section 24–72–308(3)(c) did not preclude sealing because M.T. no longer has a "conviction" for that offense.

## II. Discussion

■ The People argue that the district court had no authority to seal M.T.'s criminal case file because it contains "records pertaining to a [sex offense] conviction," § 24–72–308(3)(c). This argument raises an issue of statutory construction that we review de novo. *Dubois v. People,* 211 P.3d 41, 43 (Colo.2009). Specifically, we must decide whether files in a case dismissed after a deferred judgment still contain "records pertaining to a conviction," § 24–72–308(3)(c). We hold that they do, and that the statutory exception therefore precludes the district court from sealing M.T.'s records.

### A. M.T.'s former "conviction" for unlawful sexual behavior

From the time the court accepted M.T.'s guilty plea in 2004 until the plea was withdrawn in 2008, M.T. had a "conviction." Though the sealing statute does not define "conviction," a generally applicable statute provides that "acceptance of [a guilty] plea also acts as a conviction for the offense." § 16–7–206(3), C.R.S.2009.

■ Our supreme court has held that accepting a guilty plea constituted a "conviction" for purposes of a bail bond statute that did not separately define that term. *Hafelfinger v. District Court,* 674 P.2d 375, 377 (Colo.1984). It is true that where sentencing is deferred, there is no "*judgment* of conviction," Crim. P. 32(b)(3) (emphasis added); *People v. Wiedemer,* 899 P.2d 283, 284 (Colo. App.1994), and the finality required for a direct appeal or collateral attack is lacking. *See People v. Hampton,* 876 P.2d 1236, 1239–40 (Colo.1994). But in most other contexts involving deferred judgments, accepting a guilty plea yields a "conviction." *See, e.g., People v. French,* 165 P.3d 836, 839–40 (Colo. App.2007) (enhanced sentencing); *People v. Allaire,* 843 P.2d 38, 41 (Colo.App.1992) (firearms possession); *People v. Vollentine,* 643 P.2d 800, 802 (Colo.App.1982) (impeachment).

*Hafelfinger* confirms that, as a matter of historical fact, a defendant who enters but later withdraws a guilty plea in a deferred judgment case once was convicted. By writ-

ing that there is "no longer" a conviction after a plea's withdrawal, 674 P.2d at 377 n. 3, the court recognized that there once had been a conviction.

Saying that M.T. once was convicted is not inconsistent with the holding in *Weber v. Colorado State Board of Nursing*, 830 P.2d 1128 (Colo.App.1992), which involved whether a nurse could be disciplined for entering a guilty plea and receiving a deferred judgment. The "dispositive" point and the precise "hold[ing]" there turned on the fact that the guilty plea had been withdrawn and the case dismissed "at the time the nursing board brought its charges." *Id.* at 1132–33. The division also noted that there is "no judgment of conviction" in a deferred judgment case and that the "plea of guilty to the deferred judgment never resulted in [the nurse's] conviction of a felony." *Id.* at 1131–32. But we decline to construe statutory references to a prior "conviction" to require that there have been a "judgment of conviction." *See Allaire*, 843 P.2d at 41 (holding likewise, noting that *Weber* was "distinguishable," and declining to follow *Weber* to extent it could be read otherwise).

Only by rewriting history or adopting a legal fiction could we deny that M.T. *ever* had a conviction. Tellingly, such deniability is one of the benefits that sealing would provide; thus, only after the records are sealed could it accurately be said that M.T. was never convicted. *See* § 24–72 –308(1)(d), C.R.S.2009 (after sealing, person and criminal justice agencies "may properly reply, upon any inquiry in the matter, that no such records exist with respect to such person"); § 24–72–308(1)(f)(I), C.R.S.2009 (person then "may state that no such action has ever occurred"); *R.J.Z. v. People*, 104 P.3d 278, 280, 282–83 (Colo.App.2004) (discussing consequences of sealing).

B. The records pertaining to M.T.'s sex offense conviction

■ We therefore must decide whether section 24–72–308(3)(c) precludes sealing records pertaining to what once was, but no longer is, a sex offense conviction. Our conclusion that it does rests on the statutory language (which contains nothing suggesting

the conviction must remain extant) and the fact that the statutory exception otherwise would be rendered meaningless. M.T.'s thorough appellate brief also relies heavily on legislative history, but we conclude that history does not support a right to seal his case.

1. The statutory text

■ We begin with the statutory text. *See People v. Tuffo*, 209 P.3d 1226, 1229 (Colo.App.2009) (citing *People v. Cross*, 127 P.3d 71, 73 (Colo.2006)). The statute precludes sealing "records pertaining to a [sex offense] conviction," § 24–72–308(3)(c). The phrase "pertaining to" is a "sweeping term" that should be applied broadly. *Clark v. People*, 221 P.3d 447, 448–49 (Colo.App.2009).

There is nothing in the text suggesting that the records must pertain to an *extant* conviction. The criminal case records reflect that M.T. once stood convicted of a sex offense; the fact that he no longer is convicted does not retroactively change the character of the records. The records still pertain to a conviction—albeit a former one that has now been vitiated.

2. The need to give meaning to the statutory exception

■ Courts should strive to avoid statutory constructions that would render a statute meaningless. *See Dubois v. Abrahamson*, 214 P.3d 586, 588 (Colo.App.2009). Here, the legislature plainly intended the section 24–72–308(3)(c) exception to distinguish records involving unlawful sexual behavior from those involving other types of crimes. Limiting that statutory exception to extant convictions would render meaningless this legislative distinction.

Records pertaining to convictions can be sealed only if the case has been "completely dismissed." *See* § 24–72–308(1)(a)(I). (Sealing is also possible where no charges were filed or there was an acquittal, *see id.*, and hence never a conviction.) But there is no basis for dismissing a case in which a conviction remains extant.

Thus, if the statutory exception did not cover cases in which there once was (but no longer is) a conviction, cases involving sex

offenses would be treated no differently than any other cases. This would contravene the evident legislative intent to preclude sealing of sex offense cases that otherwise might be subject to sealing.

3. The legislative history

■ Our supreme court has examined legislative history where necessary to resolve statutory ambiguity, e.g., People v. Summers, 208 P.3d 251, 254 (Colo.2009), and only rarely otherwise. E.g., Welby Gardens v. Adams County Bd. of Equalization, 71 P.3d 992, 995 (Colo.2003). Assuming this is an appropriate case for examining legislative history, we conclude the history does not support—if anything, it undercuts—M.T.'s right to sealing.

The sealing statute adopts the Colorado Sex Offender Registration Act's definition of what constitutes "unlawful sexual behavior." See § 24–72–308(3)(c) (adopting § 16–22–102(9), C.R.S.2009). That latter statute separately defines "conviction" to include a deferred judgment. § 16–22–102(3), C.R.S.2009; see Dubois, 214 P.3d at 588–89.

The sealing statute's adoption of the registration statute's definition of "unlawful sexual behavior" but not its related definition of "conviction" does not manifest any intent to exclude deferred judgments. Previously, the sealing statute expressly stated that it did not apply to sexual assault cases where (among other things) "arrangements have been made for deferred judgment." Ch. 168, sec. 7, § 24–72–308(3)(c), 1992 Colo. Sess. Laws 1106. A 1996 amendment changed the exception to cases involving "a conviction of an offense for which the factual basis involved unlawful sexual behavior as defined in section 18–3–412.5(1), C.R.S." (In what M.T. correctly describes as a "technical" 2002 amendment, this cross-reference was later changed from section 18–3–412.5(1) to section 16–22–102(9), the registration statute's current definitional section. Ch. 297, sec. 33, § 18–3–412.5(1)(v), 2002 Colo. Sess. Laws 1190.)

In 1996, when the sealing statute first adopted the cross-referenced definition from the registration statute, the registration statute itself expressly included deferred judg-

ments and sentences within the definition of unlawful sexual behavior. See Ch. 280, sec. 5, § 18–3–412.5(1)(v), 1996 Colo. Sess. Laws 1583. The issue now confronting us could have arisen only after the technical 2002 amendment, when the cross-reference was changed from former section 18–3–412.5(1) to current section 16–22–102(9). Unlike its predecessor, section 16–22–102(9) does not specifically include deferred judgments within its definition; rather, a separate provision continues to make clear that deferred judgments fall within the registration statute. See § 16–22–102(3). These technical changes to the cross-referenced definitional sections manifest no legislative intent to allow the sealing now sought by M.T.

■ Finally, M.T. relies on comments made during the General Assembly's 1996 consideration of whether to impose additional limits on courts' sealing authority. The legislature that year ultimately enacted two exceptions precluding sealing where an offense was not charged due to a plea agreement in a separate case or a dismissal occurred as part a plea agreement in a separate case. See § 24–72–308(1)(a)(II)(A)–(B), C.R.S.2009. M.T. relies on its rejection of a third exception that would have precluded sealing if "a dismissal occurs after successful completion of a deferred prosecution or a deferred sentence." In arguing successfully against this third exception, Rep. DeGette stated that courts should retain flexibility to seal records in cases where a youthful offender complied with the terms of a deferred judgment for "a fairly minor offense." See Hearings on H.B. 1120 before the H. Comm. on the Judiciary, 60th Gen. Assemb., 2d Sess. (Feb. 1 & Apr. 22, 1996).

The proposed exception for sealing cases involving deferred prosecutions or sentences would have applied in all cases—not just those involving sex offenses. The ultimate rejection of that broad exception does not indicate any affirmative intent to allow sealing of sex offense cases involving deferred judgments. To the contrary, the legislative history refers to sealing of "fairly minor offenses," and no one has suggested that cases such as M.T.'s fall in that category.

### III. Conclusion

The order sealing M.T.'s criminal records is reversed.

Judge TERRY concurs.

Judge WEBB dissents.

Judge WEBB dissenting.

In my view, the majority places undue reliance on dictum in *Hafelfinger v. District Court*, 674 P.2d 375 (Colo.1984), to create a test of whether, following successful completion of a deferred sentence, a conviction is "extant." Instead, I believe the proper question to be whether successful completion of a deferred sentence voids the conviction ab initio, as was held in *Weber v. Colorado State Board of Nursing*, 830 P.2d 1128 (Colo.App. 1992). Therefore, and with respect, I dissent.

I agree with the majority that section 24–72–308(1)(a), C.R.S.2009, provides for sealing of criminal records where, as relevant here, a charge has been "completely dismissed," that successful completion of a deferred sentence under section 18–1.3–102(2), C.R.S.2009, leads to such complete dismissal, and that under section 24–72–308(3)(c), records "pertaining to a conviction" cannot be sealed if the factual basis of the offense, as here, involves unlawful sexual behavior. I disagree with the majority because, in my view, "[u]pon full compliance with such conditions [of the deferred sentence] by the defendant, the plea of guilty previously entered shall be withdrawn and the charge upon which the judgment and sentence of the court was deferred shall be dismissed with prejudice," section 18–1.3–102(2), means that the conviction has been wiped away. In cases where no trial has occurred, without a guilty plea there can be no conviction. Therefore, the absence of a conviction removes any basis for invoking section 24–72–308(3)(c).

In *Hafelfinger*, 674 P.2d at 377 n. 3, the court explained, "The question of whether a person has a record of 'conviction' ... after successfully completing the period of the deferred sentence is not before us." Hence, the remaining discussion of "conviction" in note 3 is dictum, on which I would not rely. *See McCallum Family L.L.C. v. Winger*, 221 P.3d 69 (Colo.App.2009) (statement by supreme court "is mere dictum which is not binding on us.").

The other cases on which the majority primarily relies are likewise distinguishable. *See People v. French*, 165 P.3d 836 (Colo. App.2007) (deferred judgment not completed); *People v. Vollentine*, 643 P.2d 800 (Colo. App.1982) (same); *People v. Allaire*, 843 P.2d 38 (Colo.App.1992) (deferred judgment revoked).

Like M.T. here, but unlike the defendant in *Hafelfinger*, the nurse in *Weber* had completed her deferred sentence. The division rejected the Board's attempt to impose discipline under section 12–38–117(1)(b) based on her having been convicted of the felony on which judgment had been deferred. It explained: "following the successful completion of a deferred judgment, there no longer exists a plea of guilty to a felony, and there never existed a judgment of conviction." 830 P.2d at 1133.

I am unpersuaded by the majority's assertion that "if the statutory exception did not cover cases in which there once was (but no longer is) a conviction, cases involving sex offenses would be treated no differently than any other cases." As relevant here, records pertaining to convictions can be sealed only if the case has been "completely dismissed." § 24–72–308(1)(a)(I). Under section 24–72–308(3)(c), records in sex offense cases that have been "completely dismissed" for any reason other than successful completion of a deferred judgment could not be sealed.

Nor am I persuaded by the cross reference in section 24–72–308(3)(c) to section 16–22–102(9), which defines "unlawful sexual behavior." Had the General Assembly intended to adopt the definition of "conviction" in section 16–22–102(3), which includes "a deferred judgment," it could have done so by broadening the cross reference. *See Turbyne v. People*, 151 P.3d 563, 567 (Colo.2007) ("We do not add words to the statute....").

Accordingly, I would affirm the district court, albeit on somewhat different grounds.