**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Michael Joseph PERRY, Defendant–Appellant.**

No. 08CA2201.

Colorado Court of Appeals, Div. A.

Aug. 5, 2010.

John W. Suthers, Attorney General, Matthew S. Holman, First Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

O'Malley Law Office, P.C., Philip J. Vadeboncoeur, Centennial, Colorado, for Defendant–Appellant.

Opinion by Chief Judge DAVIDSON.

Defendant, Michael Joseph Perry, appeals from the trial court's order denying his petition to be removed from the sex offender registry (SOR), which he filed pursuant to section 16–22–113(1)(d), C.R.S.2009 (authorizing the filing of such petitions by persons who have successfully completed a deferred judgment and sentence). Specifically, he challenges the trial court's determination that, although he successfully completed his deferred judgment and sentence, he is statutorily ineligible to petition for removal from the SOR because the underlying offense to which he pleaded guilty was sexual assault on a child. We reverse and remand with directions to consider defendant's petition.

## I. Noncompliance with Appellate Rules

■ As an initial matter, we note that the table of authorities in appellant's opening brief does not comply with C.A.R. 28(a)(1), and neither that brief nor his reply brief contains a certificate of compliance as required by C.A.R. 32(f). Although we have accepted these briefs as filed, we caution appellant's counsel that, in the future, failure to comply with C.A.R. 28 or other applicable appellate rules may result in striking the noncomplying brief or other appropriate sanctions, including dismissal. *See* C.A.R. 38(e); *State ex rel. Dep't of Corr. v. Pena,* 788 P.2d 143, 147 (Colo.1990) (when confronted with a party's failure to comply with the appellate rules, an appellate court should consider the full range of possible sanctions and select the one most appropriate under the circumstances presented in a particular case).

## II. Petition for Removal from the SOR

Defendant argues that the trial court misinterpreted the relevant statutes. We agree.

Defendant pleaded guilty, in August 1991, to one count of sexual assault on a child in violation of section 18–3–405, C.R.S.2009, pursuant to a two-year deferred judgment and sentence agreement. *See* § 18–1.3–102, C.R.S.2009 (a deferred judgment and sentence is an agreement for the defendant to plead guilty pursuant to stipulated condi-

tions; if the prosecution proves that the defendant has failed to comply with the conditions of the agreement, the court must enter judgment and impose sentence; however, if the defendant successfully completes the deferred judgment and complies with all conditions, at the expiration of the stipulated period the defendant shall be allowed to withdraw his guilty plea and the court shall dismiss the charge(s) with prejudice).

In August 1993, after defendant had successfully completed the deferred judgment and sentence agreement, the court dismissed the case (acting on the prosecution's motion).

Although it is unclear from the record whether defendant registered as a sex offender while the deferred judgment and sentence agreement was in effect, the People do not dispute that he registered as a sex offender in 2008, pursuant to the direction of a parole officer who was supervising him in connection with an unrelated conviction not involving a sex offense. *See* § 16–22–103(1)(a), C.R.S.2009 (requiring registration as a sex offender, pursuant to the provisions of section 16–22–108, C.R.S.2009, for any person "who was convicted on or after July 1, 1991, in the state of Colorado, of an unlawful sexual offense, as defined in section 18–3–411(1)"); § 16–22–108(1)(a), C.R.S.2009 ("Each person who is required to register pursuant to section 16–22–103 shall register with the local law enforcement agency in each jurisdiction in which the person resides."); § 18–3–411(1), C.R.S.2009 (defining "unlawful sexual offense" to include "sexual assault on a child, as described in section 18–3–405").

Soon after registering, defendant filed this petition seeking to be removed from the SOR based on the following provisions:

(1) Except as otherwise provided in subsection (3) of this section, any person required to register pursuant to section 16–22–103 or whose information is required to be posted on the internet pursuant to section 16–22–111 may file a petition with the court that issued the order of judgment for the conviction that requires the person to register for an order that discontinues the requirement for such registration or internet posting, or both, as follows:

. . .

(d) If the person was required to register due to being placed on a deferred judgment and sentence or a deferred adjudication for an offense involving unlawful sexual behavior, after the successful completion of the deferred judgment and sentence or deferred adjudication and dismissal of the case, if the person prior to such time has not been subsequently convicted of unlawful sexual behavior or of any other offense, the underlying factual basis of which involved unlawful sexual behavior. . . .

§ 16–22–113(1)(d).

The trial court heard argument on the motion and denied relief, reasoning that, because defendant had pleaded guilty to sexual assault on a child, he was ineligible to apply for removal from the SOR due to the following provision:

(3) The following persons shall not be eligible for relief pursuant to this section, but shall be subject for the remainder of their natural lives to the registration requirements specified in this article or to the comparable requirements of any other jurisdictions in which they may reside:

. . .

(b) Any person who *is convicted* as an adult of:

. . .

(II) Sexual assault on a child, in violation of section 18–3–405, C.R.S. . . .

§ 16–22–113(3)(b)(II), C.R.S.2009 (emphasis added).

In so ruling, the court concluded that, for purposes of section 16–22–113(3)(b)(II), the term "convicted" is defined by the following statutory section:

As used in this article, unless the context otherwise requires:

. . .

(3) "Convicted" or "conviction" means having received a verdict of guilty by a judge or jury, having pleaded guilty or nolo contendere, having received a disposition as a juvenile, having been adju-

dicated a juvenile delinquent, *or having received a deferred judgment and sentence or a deferred adjudication.*

§ 16–22–102(3), C.R.S.2009 (emphasis added).

Defendant now brings this appeal challenging the court's ruling.

■ The primary question before us is whether, pursuant to section 16–22–113(1)(d), a person who has successfully completed a deferred judgment and sentence agreement based on a guilty plea to sexual assault on a child is ineligible to petition the court for removal from the SOR by virtue of the fact that section 16–22–113(3)(b)(II) disqualifies a person who "is convicted" of sexual assault on a child. The resolution of this issue depends, in turn, on a second inquiry: what is the meaning of the phrase "is convicted," as used in section 16–22–113(3)(b)(II)?

These questions of first impression are matters of statutory construction. Therefore, we review the trial court's decision de novo. *Bostelman v. People,* 162 P.3d 686, 689 (Colo.2007); *People v. Atencio,* 219 P.3d 1080, 1081–82 (Colo.App.2009).

■ In interpreting a statute, our fundamental responsibility is to give effect to the General Assembly's purpose and intent in enacting it. *Whitaker v. People,* 48 P.3d 555, 558 (Colo.2002). " 'If the plain language of the statute clearly expresses the legislative intent, then [we] must give effect to the ordinary meaning of the statutory language.' " *Whitaker,* 48 P.3d at 558 (quoting *Pediatric Neurosurgery, P.C. v. Russell,* 44 P.3d 1063, 1068 (Colo.2002)). "We must read the statute as a whole, construing each provision consistently and in harmony with the overall statutory design, if possible." *Id.*

We begin our analysis by examining whether, as the trial court concluded, the definition of "convicted" in section 16–22–102(3) governs the applicability of the disqualifying "is convicted" language in section 16–22–113(3)(b)(II). As set forth above, the definition of "convicted" in section 16–22–

102(3) applies "unless the context otherwise requires."

Whether there is any contextual obstacle to applying the definition of "convicted" in section 16–22–102(3) to the "is convicted" language of section 16–22–113(3)(b)(II) turns on the subsidiary question of whether the phrase "having received a deferred judgment" (the relevant language of section 16–22–102(3)) includes a person who has "successful[ly] complet[ed] [a] deferred judgment and sentence" within the meaning of section 16–22–113(1)(d). If read in a vacuum, the phrase "having received a deferred judgment and sentence" in 16–22–102(3) could be construed as applying beyond the time that a deferred judgment remains in effect because, arguably, an offender who has received a deferred judgment does not lose his status as a past *recipient* of a deferred judgment when the case is dismissed based on his successful completion. However, "[w]e must read the statute as a whole, construing each provision consistently and in harmony with the overall statutory design, if possible." *Whitaker,* 48 P.3d at 558.

Of critical importance to this undertaking is the following provision, which defendant neglected to call to the attention of the trial court, but which the People concede can be read in harmony with section 16–22–113(3) in a manner that "would support ... defendant's position":

(d)(I) Any person who is a sexually violent predator and any person who is convicted as an adult of any of the offenses specified in subparagraph (II) of this paragraph (d) has a duty to register for the remainder of his or her natural life; except that, if the person receives a deferred judgment and sentence for one of the offenses specified in subparagraph (II) of this paragraph (d), the person may petition the court for discontinuation of the duty to register as provided in section 16–22–113(1)(d)....

....

(II) The provisions of this paragraph (d) shall apply to persons convicted of one or more of the following offenses:

...

(B) Sexual assault on a child in violation of section 18–3–405, C.R.S. . . .

§ 16–22–108(1)(d)(I), (II), C.R.S.2009.

The plain language of this section evinces a clear legislative intent to authorize the filing of removal petitions by persons, such as defendant, who have successfully completed a deferred judgment and sentence agreement that was based on a plea of guilty to the offense of sexual assault on a child. Further, sections 16–22–102(3), 16–22–113(1)(d), and 16–22–113(3)(b)(II) can be harmoniously interpreted in a manner that is consistent with this legislative intent.

If the words "is convicted" in section 16–22–113(3)(b)(II) are understood to mean that a person "having received a deferred judgment" (under section 16–22–102(3)) only stands "convicted" until "the successful completion of the deferred judgment and sentence . . . and dismissal of the case" (under section 16–22–113(1)(d)), then none of these three subsections is at odds with the plain language of section 16–22–108(1)(d)(I). Not only does this interpretation avoid the needless creation of a statutory conflict, it is also the most logical because (1) it acknowledges that the General Assembly's use of the words "is convicted" was a deliberate decision to speak in the present tense, rather than referring to persons who had been *previously* convicted of an enumerated disqualifying offense; and (2) it is consistent with precedent analyzing when, in other contexts, a deferred judgment constitutes a "conviction." *See Hafelfinger v. Dist. Court*, 674 P.2d 375, 377 n. 3 (Colo.1984) (defendant whose deferred judgment had not yet been completed had a conviction for purposes of statute governing personal recognizance bonds; however, a person who had successfully completed the period of a deferred judgment would no longer be convicted for purposes of this statute, and evidence of such a withdrawn plea would be barred in all proceedings pursuant to CRE 410); *M.T. v. People*, —— P.3d ——, —— (Colo.App.2010) ("a defendant who enters but later withdraws a guilty plea in a deferred judgment case *once was* convicted" (emphasis added)); *People v. Allaire*, 843 P.2d 38, 41 (Colo.App.1992) (for purposes of statute prohibiting possession of a firearm by persons "*previously* convicted" (emphasis added) of violent felonies, defendant had been convicted where the evidence established that he had pleaded guilty pursuant to a deferred judgment which had been revoked, even though the evidence did not indicate whether a sentence had been imposed); *Weber v. Colo. State Bd. of Nursing*, 830 P.2d 1128, 1132 (Colo.App.1992) (for purposes of statute authorizing discipline of a nurse who has been convicted of a felony, petitioner no longer had a conviction at the point she successfully completed her deferred judgment and was allowed to withdraw her plea); *People v. Wright*, 678 P.2d 1072 (Colo.App. 1984) (entry and subsequent expungement of a conviction pursuant to Missouri's deferred judgment and sentence statute, which was analogous to Colorado's deferred judgment statute, was not an existing conviction for purposes of testimonial impeachment under section 13–90–101, C.R.S.2009); *see also People v. Chavez*, 764 P.2d 356, 357 n. 2 (Colo. 1988) ("the word 'conviction' has been variously construed by this court"); *People v. Roberts*, 865 P.2d 938, 940 (Colo.App.1993) ("The meaning of 'conviction' may vary depending upon the statute in which it is used and the issue in the particular case. The key is the legislative intent behind the use of the word in the statute in question."); *cf. Dubois v. Abrahamson*, 214 P.3d 586, 589 (Colo. App.2009) (appearing to assume, though explicitly not deciding, that defendant who pleaded guilty to sexual assault on a child pursuant to a deferred judgment which he successfully completed would be eligible to petition for removal from the SOR pursuant to section 16–22–113(1)(d)).

In summary, because defendant is not now a person who "is convicted" of sexual assault on a child within the meaning of section 16–22–113(3)(b)(II), we conclude he is not statutorily foreclosed from petitioning the court for removal from the SOR pursuant to section 16–22–113(1)(d). However, we express no opinion as to the merits of his request.

The order is reversed and the case is remanded for consideration of defendant's petition.

Judge CRISWELL * and Judge NEY * concur.