The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
June 28, 2018

## 2018COA90

## No. 16CA1787, People v. McCulley — Criminal Law — Sex Offender Registration — Petition for Removal from Registry

A defendant who pleaded guilty to two crimes involving
unlawful sexual behavior but later had one of those charges
dismissed after successfully completing his deferred judgment
petitioned the trial court for an order allowing him to discontinue
the requirement that he register as a sex offender. The trial court
denied the defendant's petition because section 16-22-113(3)(c),
C.R.S. 2017, of the Sex Offender Registration Act dictates that an
individual who has more than one conviction for unlawful sexual
behavior is ineligible for such an order. A division of the court of
appeals affirms the trial court's denial, holding, as a matter of first
impression, that the term "conviction" as used in section 16-22-
113(3)(c) includes a successfully completed deferred judgment. In

so concluding, the division distinguishes this case from *People v. Perry*, 252 P.3d 45 (Colo. App. 2010), which interpreted "is convicted" in section 16-22-113(3)(b) to exclude a successfully completed deferred judgment.

COLORADO COURT OF APPEALS                    **2018COA90**

Court of Appeals No. 16CA1787
Larimer County District Court No. 00CR185
Honorable Daniel J. Kaup, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Brian Keith McCulley,

Defendant-Appellant.

ORDER AFFIRMED

Division I
Opinion by JUDGE WELLING
Taubman and Bernard, JJ., concur

Announced June 28, 2018

Cynthia H. Coffman, Attorney General, Kevin E. McReynolds, Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Reppucci Law Firm, P.C., Jonathan D. Reppucci, Denver, Colorado, for
Defendant-Appellant

¶ 1 Section 16-22-113(3)(c), C.R.S. 2017, of the Colorado Sex Offender Registration Act (SORA) provides that "[a]ny adult who has more than one conviction . . . for unlawful sexual behavior" is not eligible to petition for removal from the sex offender registry. This case presents an issue of first impression: Does the term "conviction" as used in subsection 113(3)(c) of SORA include a successfully completed deferred judgment? Because we answer this question "yes," we affirm the trial court's order denying the petition to deregister.

## I. Background

¶ 2 In 2000, the People charged the defendant, Brian Keith McCulley, with two counts of felony sexual assault, both of which were crimes involving unlawful sexual behavior. Months later, McCulley entered into a split plea agreement whereby he pleaded guilty to one count of second degree sexual assault, a class 4 felony, and one count of third degree sexual assault, a class 1 misdemeanor.[1]

---

[1] The two counts that McCulley pleaded guilty to were separate criminal episodes. Although both counts involved the same victim,

1

¶ 3      Pursuant to the plea agreement, which the trial court approved, McCulley received a four-year deferred judgment on the felony charge and a probation sentence on the misdemeanor charge.  The only condition of his probation sentence was that he comply with the terms of the deferred judgment.  Under the terms of McCulley's plea agreement, the trial court would dismiss the felony charge once McCulley complied with his deferred judgment, but he would stand convicted of the misdemeanor after having successfully completed his probation sentence.  That is exactly what occurred.  In 2004, McCulley completed his deferred judgment, the felony charge was dismissed, and at the same time he completed probation on the misdemeanor charge.

¶ 4      As a condition of his deferred judgment, McCulley was required to register as a sex offender.  *See* § 16-22-103(2)(a), C.R.S. 2017.  In 2016, McCulley filed a petition to discontinue the requirement that he register as a sex offender.  The trial court denied McCulley's petition despite the fact that he had successfully completed his deferred judgment.  The trial court reasoned that the

according to the plea, the felony occurred in February 1998, and the misdemeanor occurred in August 1995.

2

statute defines the term "conviction" to include having a deferred judgment, McCulley had two convictions, and an individual who has more than one conviction for unlawful sexual behavior is ineligible for an order discontinuing the registration requirement.

## II.  Analysis

¶ 5  McCulley's sole argument on appeal is that the trial court erred by construing the term "conviction" under SORA to include a successfully completed deferred judgment.  We disagree because we conclude that the plain language of SORA dictates that a deferred judgment is a "conviction" as used in section 16-22-113(3)(c).

### A.  Standard of Review

¶ 6  Our goal when interpreting a statute is to effectuate the General Assembly's intent.  *Martin v. People*, 27 P.3d 846, 851 (Colo. 2001).  To do that, we first look to the statute's language, giving words and phrases their plain and ordinary meaning.  *People v. Padilla-Lopez*, 2012 CO 49, ¶ 7.  If the statute's plain language unambiguously indicates the legislature's intent, we apply the statute as written.  *Martin*, 27 P.3d at 851.  When the statute is ambiguous, however, we may "rely on other factors, such as legislative history, prior law, the consequences of a given

construction of the statute, and the end to be achieved by the statute, to determine the meaning of a statute." *Id.*

### B.    Meaning of "Conviction" in Subsection 113(3)(c)

¶ 7    A defendant who successfully completes his deferred judgment may petition the court for an order discontinuing the requirement that he register as a sex offender. § 16-22-13(1)(d).[2]  But that provision has an exception.  An adult defendant is ineligible for an order discontinuing his registration requirement if he "has more than one conviction or adjudication for unlawful sexual behavior in this state or any other jurisdiction." § 16-22-113(3)(c).

¶ 8    Resolution of this appeal turns on the meaning of the word "conviction" in subsection 113(3)(c).  It is undisputed that the felony charge against McCulley was dismissed when he successfully completed the deferred judgment, and that, as of the time of his petition to deregister, he stood convicted of just the misdemeanor

---

[2] In addition to successfully completing the deferred judgment, the defendant must not have been subsequently convicted of a crime involving unlawful sexual behavior and the court must not have issued an order continuing the requirement that the defendant register.  § 16-22-103(1)(a), C.R.S. 2017.  There is no dispute that McCulley did not commit a subsequent qualifying offense and that the court did not issue an order continuing the requirement that he register.

charge.  So, if the term "conviction" does not include a successfully completed deferred judgment, McCulley would have only one conviction, and section 16-22-113(3)(c) would not bar the relief he seeks.  But SORA's plain language belies McCulley's interpretation.

¶ 9    SORA defines "conviction" as follows:

> As used in [SORA], unless the context otherwise requires:
>
> . . . .
>
> (3) "Convicted" or "conviction" means having received a verdict of guilty by a judge or jury, having pleaded guilty or nolo contendere, having received a disposition as a juvenile, having been adjudicated a juvenile delinquent, or *having received a deferred judgment and sentence* or a deferred adjudication.

§ 16-22-102, C.R.S. 2017 (emphasis added).

¶ 10    By its plain language, the term "conviction" as used in subsection 113(3)(c) includes having received a deferred judgment. *See* § 16-22-102(3).  And there is no exception in that definition for a successfully completed deferred judgment.  *See Dubois v. Abrahamson,* 214 P.3d 586, 588 (Colo. App. 2009) ("[T]he General Assembly could have drafted section 16-22-102(3) to define 'convicted' as 'having received, and failed to successfully complete, a

deferred judgment and sentence,'" but it did not.). Moreover, there is nothing in the language or context of the statute to suggest that this definition of "conviction" does not apply to subsection 113(3)(c). *See People v. Molina*, 2017 CO 7, ¶ 17 (courts must apply the statutory definition of terms absent clear intent to the contrary).

¶ 11    McCulley pleaded guilty to two crimes involving unlawful sexual behavior. While he received, and completed, a deferred judgment for one of those crimes, subsection 113(3)(c) treats that deferred judgment in the same manner as it treats any other conviction. And because the statute treats them the same, McCulley has more than one conviction and subsection 113(3)(c) renders him ineligible for an order discontinuing the requirement that he register as a sex offender.[3]

---

[3] In this case, McCulley's two crimes arose from discrete criminal episodes. *See supra* n.1; *see also People v. Atencio*, 219 P.3d 1080, 1081 (Colo. App. 2009) ("So long as a person has been convicted of more than one charge of unlawful sexual behavior, whether those charges were adjudicated in the same case or in separate cases is irrelevant: the adjudications are multiple convictions which render the person ineligible for relief under []section 16-22-113(1)[, C.R.S. 2017]."). And McCulley does not contend otherwise. We express no opinion, however, on whether a deferred judgment arising out of the same criminal episode as another conviction qualifies as a separate "conviction" for the purposes of section 16-22-113(3)(c).

¶ 12    Relying on *People v. Perry*, 252 P.3d 45 (Colo. App. 2010), McCulley argues that the term "conviction" does not include a deferred judgment. In *Perry*, a division of this court addressed a different subsection of section 16-22-113(3) — namely, subsection (b). 252 P.3d at 47. Subsection 113(3)(b) provides that a person who "is convicted" of sexual assault on a child, among five other enumerated offenses, is ineligible for an order discounting the registration requirement. The division in *Perry* concluded that the term "is convicted" in that subsection does not include a successfully completed deferred judgment. 252 P.3d at 49. But the division in *Perry* premised its conclusion on the fact that the definition of "convicted" from section 16-22-102(3), which includes "having received a deferred judgement," applies "unless the context otherwise requires." § 16-22-102. And in *Perry*, such a context existed.

¶ 13    To understand why *Perry* is distinguishable, a brief review of the division's statutory analysis is helpful. Pursuant to section 16-22-108(1)(d)(I), C.R.S. 2017, a person convicted of felony sexual assault "has a duty to register for the remainder of his or her natural life; except that, if the person receives a deferred judgment

and sentence," he or she may petition the court pursuant to section 16-22-113 for discontinuation of the duty to register. Based on this relationship between sections 16-22-108(1)(d) and 16-22-113(3)(b), the division in *Perry* observed as follows:

> If the words "is convicted" in section 16-22-113(3)(b)(II) are understood to mean that a person "having received a deferred judgment" (under section 16-22-102(3)) only stands "convicted" until "the successful completion of the deferred judgment and sentence . . . and dismissal of the case" (under section 16-22-113(1)(d)), then none of [the six subsections of section 16-22-113(3)(b)] is at odds with the plain language of section 16-22-108(1)(d)(I).

252 P.3d at 49. In other words, if the definition of "is convicted" in subsection 113(3)(b) includes a successfully completed deferred judgment for a crime enumerated in that subsection, one could never obtain the relief outlined in section 16-22-108(1)(d) because section 16-22-113(3)(b) would always bar such relief. 252 P.3d at 49. Thus, the *Perry* division concluded that the context of subsection 113(3)(b) requires the exclusion of a successfully completed deferred judgment from the definition of "is convicted," holding that such an "interpretation avoid[s] the needless creation

8

of a statutory conflict." *Id.* The division in Perry further noted that its interpretation

> is also the most logical because (1) it acknowledges that the General Assembly's use of the words "is convicted" was a deliberate decision to speak in the present tense, rather than referring to persons who had been previously convicted of an enumerated disqualifying offense; and (2) it is consistent with precedent analyzing when, in other contexts, a deferred judgment constitutes a "conviction."

*Id.*

¶ 14     But the contextual concerns that animated the holding in *Perry* simply do not arise with respect to subsection 113(3)(c) because that subsection operates differently than does subsection 113(3)(b). Subsection 113(3)(c) provides that a court may not issue an order discontinuing the registration requirement for an individual who "has more than one conviction" for unlawful sexual behavior. Including a deferred judgment within the meaning of "conviction" for that subsection in no way affects section 16-22-108(1)(d) or any other provision of SORA. Therefore, unlike the situation in *Perry*, subsection 113(3)(c) does not provide the context required to depart from the statutory definition.

¶ 15    Nevertheless, McCulley argues that the word "has" in the phrase "has been convicted" shows that the General Assembly intended to speak in the present tense, and is akin to the word "is" relied on in *Perry*. According to McCulley, he was convicted of the felony only during the four years that he was completing his deferred judgment, but he no longer "has" the felony conviction because he successfully completed the deferred judgment. But as discussed above, for the purposes of subsection 113(3)(c), conviction means "having received a deferred judgment." § 16-22-102(3). Successfully completing his deferred judgment does not change the fact that McCulley "received a deferred judgment" in connection with his guilty plea to the felony. *Id.* So, even though there may be some situations where a deferred judgment is not treated like a conviction, *see, e.g.*, *M.T. v. People*, 275 P.3d 661, 663 (Colo. App. 2010) ("[A] defendant who enters but later withdraws a guilty plea in a deferred judgment case once was convicted," but is no longer after withdrawing his plea), *aff'd*, 2012 CO 11, subsection 113(3)(c) treats a prior deferred judgment in the same manner it would treat a conviction resulting from any other basis. And we are not persuaded that the context requires otherwise.

### III.   Conclusion

¶ 16     The trial court's order denying McCulley's petition for discontinuation of the requirement that he register as a sex offender is affirmed.

JUDGE TAUBMAN and JUDGE BERNARD concur.